**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Public Health Service

Indian Health Service
Rockville MD  20857

March 29, 2023

<u>By Electronic Mail and Certified Mail, Return Receipt Requested</u>

Mr. Charles Clement
President/Chief Executive Officer
Southeast Alaska Regional Health Consortium
3100 Channel Drive, Suite 300
Juneau, AK  99801

      Subject:      Contract Disputes Act Claim for Contract Support Costs
                          Compact No. 58G950017
                          Fiscal Year 2016 (October 1, 2015 – September 30, 2016)

Dear Mr. Clement:

On September 27, 2022, the Indian Health Service (IHS or the Agency) received a request from the Southeast Alaska Regional Health Consortium (SEARHC) for an awarding-official's decision under the Contract Disputes Act (CDA).  SEARHC claims that under its Indian Self-Determination and Education Assistance Act (ISDEAA) compact No. 58G950017, IHS owes additional contract support costs (CSC), not on expenditures from the Secretarial amount transferred and funded by IHS under the compact, but on SEARHC's expenditures from "third-party revenues" for Fiscal Year (FY) 2016.  For FY 2016, SEARHC seeks an additional $8,671,050.00, plus interest, for allegedly unpaid indirect CSC related to its third-party revenue.  On November 23, 2022, the Agency notified you that a final awarding official's decision would occur by March 31, 2023.   Based on the facts and law, IHS denies SEARHC's claim for FY 2016.

I.        **<u>Description of Claim</u>**

In its claim letter dated September 27, 2022, SEARHC alleges that it is owed additional CSC due to "IHS's failure to pay full contract support costs on portions of SEARHC's health program supported by third-party revenues."  Without supplying any supporting documentation, SEARHC alleges that it had a total indirect cost need of $29,821,047.00 and that it is owed an indirect CSC amount of $8,671,050.00 for "[i]ndirect costs associated with third-party revenue expenditures."

With regard to costs associated with the expenditure of third-party revenues, SEARHC did not provide documentation demonstrating: (a) the specific source of the revenues used for the additional expenditures being claimed; and (b) that the revenues are related to the contract.  In addition, SEARHC has not demonstrated that the claimed costs are CSC pursuant to 25 U.S.C.

§ 5325(a). Under the CDA, SEARHC bears the burden of proving these and all necessary elements of its claim that it has additional, unfunded CSC under the compact for FY 2016.

## II. Compact Terms at Issue

IHS has reviewed SEARHC's compact and Multi-Year Funding Agreement (FA) for FY 2016. Compact No. 58G950017, effective October 1, 2010, and continuing through FY 2016, includes the following relevant provisions:

<u>Article II, Section 1(a) – Term</u>.

<u>Article II, Section 2 – Effective Date</u>.

<u>Article II, Section 3 – Funding Amount</u>.

<u>Article II, Section 4 – Payment</u>.

<u>Article II, Section 16 – Limitation of Costs</u>.

<u>Article III, Section 7 – Program Income, Including Medicare/Medicaid</u>.

The FA for FYs 2015-2017, effective October 1, 2014, which applied to FY 2016, contains the following relevant provisions:

<u>Section 4 – Amounts Available During the Term of the Funding Agreement</u>.

<u>Section 4.2 – Contract Support Costs</u>.

<u>Section 5 – Method of Payment</u>.

<u>Section 13 – Third-Party Recoveries</u>.

<u>Section 19 – Effective Date and Duration</u>.

## III. Findings of Fact

Most of the allegations set forth in SEARHC's letter are characterizations of the rights and duties of SEARHC and the IHS under the ISDEAA. These legal arguments are discussed in the Decision section of this letter. This section addresses the underlying factual allegations of SEARHC's claim.

SEARHC failed to demonstrate the specific source(s) of its claimed revenues, that its claimed revenues were collected in connection to the ISDEAA agreement, and that it incurred additional health expenditures above what the IHS already funded, that are eligible CSC under 25 U.S.C. § 5325(a). Because SEARHC has failed to provide factual information in support of its claim

Page 3 – Mr. Charles Clement

regarding expenditures from third-party revenues, the IHS is unable to determine whether it agrees or disagrees with any such factual assertions.

The IHS considers the following facts pertinent to its decision on SEARHC's claim:

- IHS promised and paid $58,528,884.00 in total funding for FY 2016; this includes the agreed-upon Secretarial amount that is required by the ISDEAA, some non-recurring funding, and $3,335,093.00 for direct CSC and $17,380,421.00 for indirect CSC, as shown in the compact's records.

- Nothing in the parties' compact or FA includes an agreement that CSC includes any expenditures other than the amount identified in the compact and FA for the Secretarial amount awarded by IHS.

IV. **Decision**

   A. **SEARHC's Claim for Underpayment of CSC on Third-Party Revenues Is Unsupported by Fact or Law.**

SEARHC has not proven that it has additional, unfunded CSC under the compact, FA for FY 2016, the ISDEAA, or the indirect cost agreements.[1] In particular, SEARHC did not provide documentation demonstrating: (a) the specific source of the revenues used for the additional expenditures being claimed; and (b) that the revenues are related to the contract. In addition, SEARHC has not demonstrated that the claimed costs are CSC pursuant to 25 U.S.C. § 5325(a). In lieu of submitting any supporting information, SEARHC simply states that its claim is "supported by the originals of all contracts, contract modifications, funding agreements, amendment thereto, indirect cost rate agreements, and audits, all of which are in the custody of the Government." In response to the IHS's request for additional information to support the SEARHC's claim, SEARHC submitted (1) SEARHC's FY 2016 audit report and accompanying financial statements; (2) SEARHC's final Indirect Cost Rate Proposal for FY 2016; and (3) SEARHC's final FY 2016 Indirect Cost Rate Agreement. This additional documentation is insufficient. Under the CDA, SEARHC bears the burden of proving these and all necessary elements of its claim that it has additional, unfunded CSC under the contract for FY 2016. As the claim is unsupported by the facts and the law, the claim is denied.

The ISDEAA is clear that CSC is limited to expenditures for activities that must be carried on by a contractor to ensure compliance with the terms of the contract and prudent management and that the IHS does not normally carry on or performs with other resources not transferred to the

---

[1] Like all CDA claimants, SEARHC bears the burden of proving all elements of its claim. *See J.C. Equip. Corp. v. England*, 360 F.3d 1311, 1318 (Fed. Cir. 2004); *Sociotechnical Rsch. Applications, Inc. v. Whitman*, 29 F. App'x 578, 582 n.2 (Fed. Cir. 2002). For claims of unpaid CSC, this includes the burden of proving that the claimed costs meet the ISDEAA definition of CSC, and, therefore, are properly payable as CSC. *See Ketchikan Indian Cmty. v. Dep't of Health & Human Servs.*, CBCA 1053-ISDA, CBCA 1054-ISDA, CBCA 1055-ISDA, 13 BCA ¶ 35,436 (Sept. 4, 2013) (dismissing claims not presented to the contracting officer and finding that the facts relevant to CSC claims include "establishing that a particular cost is a CSC").

contractor. 25 U.S.C. § 5325(a)(2). SEARHC's claim for CSC associated with expenditure of third-party revenues are unsupportable under the requirements of the ISDEAA because, among other things: (a) CSC is limited to actual costs, §§ 5325(a), 5304(f); (b) CSC only includes costs for activities necessary to support the scope of the Federal programs, functions, services, and activities (PFSAs) transferred under the ISDEAA agreement; (c) SEARHC does not suggest that the IHS failed to transfer the required Secretarial amount, but SEARHC now implicitly asserts that it can unilaterally impose a post-hoc increase to the agreed-upon amount; and (d) as SEARHC acknowledges, CSC funding is "added" to the Secretarial amount required by § 5325(a)(1), thus making it clear that CSC only includes costs necessary to support the Secretarial amount, and SEARHC does not challenge that amount. *See* § 5325(a)(2); *see also Indian Health Manual*, (IHM) Part 6, Chapter 3: Contract Support Costs, Ex. 6-3-H at 19 (explaining that, in the context of direct CSC, only costs "supported from directly appropriated dollars in the [Secretarial amount]" are eligible, and that costs "supported with Medicaid and Medicare or other third-party resources" are not); IHS CSC Policy, IHM pt. 6, ch. 3 (Aug. 6, 2019), § 6-3.2E (explaining that the amount of CSC will be calculated on the Secretarial amount awarded, or a Tribe's total health expenditures if the expenditures are less than the Secretarial amount awarded).

This conclusion is compelled by the Compact and FA, which set out the terms of the parties' agreement, including the Secretarial amount required by the ISDEAA and awarded by the IHS for the transferred PFSAs, as well as the CSC to be calculated on that amount. By asserting that its third-party collections are part of the Secretarial amount, SEARHC implicitly asserts that the IHS is required to pay that amount—not the Secretarial amount agreed upon in the contract—to SEARHC. However, there is no such requirement in SEARHC's ISDEAA compact or FA, nor does SEARHC assert a claim challenging the Secretarial amount agreed upon by the parties in the compact and FA. *See* 25 U.S.C. § 5388(j) (All Medicare, Medicaid, or other program income earned by an Indian Tribe shall be treated as supplemental funding to that negotiated in the funding agreement.)*; see also* Compact Art. III, Section 7; 2 CFR § 200.307(e); 25 U.S.C. § 5325(m).

Although SEARHC may collect from third-party payers through 25 U.S.C. § 1621e or through participation in Medicare, Medicaid, or the Children's Health Insurance Program (CHIP), the collections do not become part of the Secretarial amount awarded or owed by the IHS. Similarly, expenditures from such collections are not CSC; rather CSC is calculated based on the Secretarial amount owed by the IHS to cover SEARHC's unique costs of carrying out the PFSAs that the IHS would have otherwise carried out with that Secretarial amount. *See, e.g.*, 140 Cong. Rec. H11140-01, H11144 (daily ed. Oct. 6, 1994) (explaining that the objective of CSC funding is "to assure that there is no diminution in program resources *when [PFSAs] are transferred to tribal operation*." (emphasis added)).

Although SEARHC may expend an additional amount from other revenue sources, the ISDEAA does not require that the IHS fund such increased expenditures; instead, "a tribe is entitled to just the amount of funds that IHS would have otherwise provided for the PFSA." *In the Case of: Yerington Paiute Tribe v. Indian Health Service*, HHS Departmental Appeals Bd. (DAB), DAB No. 2102, 2007 WL 3146252, at *2 (July 23, 2007) ("When a tribe agrees to take responsibility

for dental services or any other [PFSA] . . . the tribe is not guaranteed that the funds it receives from IHS will be adequate to provide its desired level of service."); *see Swinomish Indian Tribal Cmty. v. Becerra*, 993 F.3d 917 (D.C. Cir. 2021); *but see San Carlos Apache Tribe v. Becerra*, 53 F. 4th 1236 (9th Cir. 2022), *pet. for reh'g en banc filed,* No. 21-15641 (filed Mar. 8, 2023); *Northern Arapaho Tribe v. Becerra*, No. 21-8046, 2023 WL 2359238 (10th Cir. Mar. 6, 2023).

A contractor that opts to collect from third-party payers may be able to provide additional health care services using such collections. This does not change the Secretarial amount, and the costs of providing such additional services are not CSC; the ISDEAA bars the award of CSC funding for anything other than the PFSAs provided with the Secretarial amount. 25 U.S.C. §§ 5325(a), 5326. *See, e.g.*, *Swinomish*. Indeed, depending on the nature of the "third-party revenues," it is questionable whether a contractor would have any unfunded costs for services provided from such revenues.

In addition to failing to show how its claimed costs meet the ISDEAA requirements for CSC, SEARHC fails to meet its burden to document the amounts it is claiming. SEARHC has not documented the connection between the third-party revenues and its compact or FA, and instead seems to suggest that such a connection should simply be assumed. But even if the materials SEARHC submitted documented such a connection, SEARHC's claim for CSC associated with expenditure of third-party revenues is unsupported by the law.

### B. IHS is Barred from Paying SEARHC's Claim.

Even if SEARHC's claim was supported by fact and law, IHS's appropriation for FY 2016 is now cancelled, such that IHS no longer has funds available to pay additional CSC for FY 2016. Although IHS's appropriation remains available for five years after the expiration of the FY for which the funds were appropriated for "recording, adjusting, and liquidating obligations properly chargeable to that account," 31 U.S.C. § 1553(a), that period has passed for FY 2016. As a result, the appropriation is considered cancelled and no longer available to IHS for any purpose. *See* 31 U.S.C. § 1552(a). Here, the FY 2016 appropriation was cancelled as of September 30, 2021. Therefore, IHS cannot access it for any purpose, including the payment of CSC.

In addition, under the general provisions of IHS's appropriations, current-year appropriations are not available for prior-year CSC. *See, e.g.,* Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, 136 Stat. 49, 410 (prohibiting the use of the FY 2022 appropriation "for payment of claims for contract support costs for prior years, or for repayments of payments for settlements or judgments awarding contract support costs for prior years"). Because IHS may not reprogram any funds from its FY 2023 appropriation to pay CSC owed in prior years, and because the FY 2016 appropriation has been cancelled and is no longer available, IHS is barred from paying SEARHC's claim.

Page 6 – Mr. Charles Clement

V. **Appeal Rights**

For the reasons stated above, the IHS denies SEARHC's claim. This is a final decision. You may appeal this decision to the Civilian Board of Contract Appeals (CBCA), 1800 M Street, NW, 6th Floor, Washington, DC 20036. The mailing address for the CBCA is 1800 M Street, NW, 6th Floor Washington, DC 20036. If you decide to appeal, you shall, within ninety (90) days from the date you receive this decision, mail or otherwise furnish written notice to the CBCA and provide a copy to the individual from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, and refer to the decision and contract number. Instead of appealing to the CBCA, you may bring an action in the United States (U.S.) Court of Federal Claims or in the U.S. District Court within twelve (12) months of the date you receive this notice.

Sincerely,

Darrell W. Laroche -S
Digitally signed by Darrell W. Laroche -S
Date: 2023.03.29 16:45:00 -04'00'

Darrell LaRoche
Deputy Director for Management Operations

Cc: Evangelyn Dotomain, Area Director, AANHS, IHS
Lanie B. Fox, Director of the Office of Tribal Programs, AANHS, IHS
Rebecca Patterson, Sonosky, Chambers, Sachse, Miller & Monkman, LLP
Rebecca Besaw, Office of the General Counsel, HHS